**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JACOB M. BELL, SR. (#442374)**                                   **CIVIL ACTION**

**VERSUS**

**DEPUTY WARDEN ANTHONY BATON**                        **NO. 11-0304-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 24, 2012.

                                                                                  _____
                                                                                  **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACOB M. BELL, SR. (#442374)                                    CIVIL ACTION

VERSUS

DEPUTY WARDEN ANTHONY BATON                                     NO. 11-0304-BAJ-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. The State of Louisiana has filed an Answer and a Response thereto. There is no need for oral argument or for an evidentiary hearing.

The petitioner, Jacob M. Bell, Sr., challenges his sentence of twenty years of imprisonment at hard labor, with all but ten years suspended, a $5,000 fine and five years of active supervised probation upon release, entered in 2010 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on a charge of driving while intoxicated, fourth offense. The petitioner asserts (1) that he was subjected to an unconstitutional search and seizure after arrest, (2) that he was provided with ineffective assistance of counsel because his trial attorney failed to visit him prior to trial and failed to ensure that hearings were held in connection with certain motions, (3) that the prosecution withheld exculpatory information, (4) that the trial court failed to comply with orders issued by the Louisiana appellate courts relative to ruling on a pending motion, and (5) that he was subjected to double jeopardy because he was sentenced to both incarceration and to a probationary period thereafter.

From a review of the state court record, it appears that the petitioner was convicted, after a trial by jury, of driving while intoxicated, fourth offense, on October 3, 2007. The state trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. The petitioner thereafter filed motions for post-verdict judgment of acquittal and for new trial, and on February 20, 2009, the trial court denied the pending motions and sentenced the petitioner as

indicated above.  The petitioner then filed, on or about June 10, 2009, a pro se Motion for ... Transcript[s] and a pro se Motion to Reconsider ... Sentence, but it does not appear from the record that the state court ruled on these motions.[1]

The petitioner appealed his conviction and sentence, arguing (1) that the evidence was insufficient to support the conviction, (2) that the trial court erred in denying the motion for post-verdict judgment of acquittal, (3) that the trial court erred in denying the motion for new trial, (4) that the sentence imposed was excessive, and (5) that the trial court erred in sentencing the petitioner without allowing for a mandatory statutory delay after ruling on the petitioner's motions for post-verdict judgment of acquittal and for new trial.  Pursuant to mandate issued on December 23, 2009, the Louisiana Court of Appeal for the First Circuit affirmed the petitioner's conviction but vacated the sentence upon a finding that the mandatory statutory delay had not been honored.  See State v. Bell, 25 So.3d 248 (La. App. 1st Cir. 2009), and State v. Bell, 2009 WL 4981482 (La. App. 1st Cir., Dec. 23, 2009).  In addition, relative to claim (4), above, the Court concluded that inasmuch as it had vacated the petitioner's sentence, it need not address the issue of the excessiveness thereof because that issue had become moot.  The petitioner thereafter sought supervisory review in the Louisiana Supreme Court relative to the appellate court's determination, and the Supreme Court denied review on February 11, 2011.  See State ex rel Bell v. State, 56 So.3d 996 (La. 2011).

Upon remand to the state trial court, the court again sentenced the petitioner, on March 17, 2010, to serve twenty years in confinement, with all but the first ten years suspended, to pay a

---

[1] Although the petitioner's pro se motions were docketed as filed in the state trial court on a later date, the Court will apply the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), pursuant to which an inmate petitioner is deemed to have filed a habeas corpus pleading on the date that he places it in the prison mailing system, and not on the date that it is ultimately received and docketed by the court.  Accordingly, inasmuch as the petitioner signed the referenced motion on June 10, 2009, the Court will utilize that date as the date of the petitioner's filing.  In addition, the Court will employ the latest dates that the petitioner apparently signed other pleadings as the dates of filing thereof in the respective courts.

$5,000 fine, and to serve a period of five years of supervised probation upon release.[2] The petitioner filed a counseled Motion to Reconsider Sentence in the state trial court on April 12, 2010,[3] but it does not appear from the record that the trial court ever ruled on this motion. Nor did the petitioner apparently perfect an appeal from the referenced re-sentencing.

On or about August 26, 2010, the petitioner filed an application for post-conviction relief in the state trial court, asserting (1) that he had been provided with ineffective assistance of counsel because his trial attorney had failed to visit him prior to trial, failed to file requested motions and failed to respond to the petitioner's correspondence, (2) that there was an unreasonable delay between his conviction and the imposition of sentence, and (3) that he was entitled to reconsideration of his sentence because the trial court failed to rule on the motion filed by him in June, 2009, seeking such relief. By Ruling dated May 12, 2011, the trial court denied the petitioner's application. According to the Respondent, the petitioner applied for supervisory review before the Louisiana Court of Appeal for the First Circuit relative to this determination, and that Court denied review on September 14, 2011.[4] The Respondent further contends that the petitioner failed to seek further review before the Louisiana Supreme Court.

Finally, with regard to the petitioner's Motion for Transcripts and Motion to Reconsider or Amend Sentence, filed in June, 2009, the petitioner apparently sought writs before the Louisiana

---

[2] The trial court record contains neither a copy of the Judgment re-sentencing the petitioner on March 17, 2010, nor a transcript of the proceedings conducted on that date. The Court concludes that this omission is not critical inasmuch as the parties are in agreement as to the date of re-sentencing and the terms thereof.

[3] The referenced Motion to Reconsider Sentence contains several errors, stating that the petitioner was re-sentenced on March 17, 2009, and indicating that the Motion was served on opposing counsel on April 9, 2009. These are obvious typographical errors, however, inasmuch as it is undisputed that the petitioner was re-sentenced on March 17, 2010, and inasmuch as the Motion bears a Clerk's Office stamp indicating that it was docketed in the state trial court on April 12, 2010.

[4] The state court record does not include copies of the petitioner's application for supervisory review before the intermediate appellate court relative to the denial of his application for post-conviction relief nor the decision of the appellate court relative thereto.

Court of Appeals for the First Circuit, complaining of the trial court's failure to rule relative to same. This writ application resulted in a Ruling by the appellate court on December 7, 2009, directing the state trial court to dispose of the referenced motions on or before January 4, 2010. When a disposition was not forthcoming, the petitioner apparently sought further review before the Louisiana Supreme Court, which Court issued a Ruling on July 29, 2010, again directing the trial court to resolve the pending motions. It does not appear from the record that the trial court ever acted on the referenced motions.[5]

The petitioner filed the instant habeas corpus application on February 3, 2011. Based on a review of the record in this case, the Court concludes that the petitioner's application should be denied.

Pursuant to 28 U.S.C. § 2254(b), Congress has provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available to him in the courts of the state that has exercised custody over him. Generally, the exhaustion requirement is satisfied if each of his claims has been presented once to the state's highest court. Carter v. Estelle, 677 F.2d 427 (5th Cir. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In addition, in order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that the claims that he asserts in federal court have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Generally, a habeas petitioner must present his claims before the state courts in a procedurally proper manner, in accordance with the rules of the state courts. Dupuy v. Butler, 837 F.2d 699 (5th Cir. 1988).

Notwithstanding the foregoing, a habeas petitioner who has failed to properly present his federal constitutional claims to the state courts can still be considered to have exhausted his state

---

[5] The state court record does not include copies of the petitioner's writ applications to the Louisiana appellate courts relative to his June, 2009, Motion to Reconsider. The Rulings by the Louisiana Court of Appeal and the Louisiana Supreme Court, however, dated January 4 and July 29, 2010, respectively, make clear the extent of the relief sought by the petitioner in those writ applications.

remedies if the state courts are no longer open to his claims because of a procedural bar. See Busby v. Dretke, 359 F.3d 708 (5th Cir.), cert. denied, 541 U.S. 1087, 124 S.Ct. 2812, 159 L.Ed.2d 249 (2004). Claims are considered to be "technically exhausted" when state relief is no longer available in connection with the claims, without regard to whether the claims were actually exhausted by presentation to the state courts. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In such instance, if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is technically exhausted and procedurally defaulted in the state court. Nobles v. Johnson, 127 F.3d 409 (5th Cir. 1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting Coleman v. Thompson, supra). In such instance, federal review of the claim is precluded unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Jones v. Jones, 163 F.3d 285 (5th Cir. 1998), cert. denied, 528 U.S. 895, 120 S.Ct. 224, 145 L.Ed.2d 188 (1999); Nobles v. Johnson, supra; Williams v. Cain, 125 F.3d 269 (5th Cir. 1997), cert. denied, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998).

In the instant case, the petitioner has clearly failed to exhaust most of his claims through the Louisiana state courts. Specifically, he has never presented to any state court, either on direct review or through the filing of an application for post-conviction relief, his first claim (relative to an alleged improper search and seizure after arrest), his third claim (relative to the prosecution's alleged withholding of exculpatory information as to one of the petitioner's predicate offenses) or his fifth claim (relative to being allegedly subjected to double jeopardy). Further, with regard to the petitioner's second claim (relative to alleged ineffective assistance of counsel), although the petitioner asserted this claim in his application for post-conviction relief, he did not exhaust this claim by presenting it to the Louisiana Supreme Court after the denial of his application for supervisory review in the intermediate appellate court. If the petitioner were to now assert these

claims before the state courts in an application for post-conviction relief, the state courts would reject consideration of same as procedurally defaulted in reliance upon Article 930.4(E) of the Louisiana Code of Criminal Procedure. That statute provides that "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application." Article 930.4(E) has been found to be an adequate independent state ground for rejecting a petition for post-conviction relief, and the federal courts have relied upon this statute in finding claims to be technically exhausted but procedurally defaulted. See Hawkins v. Miller, 2006 WL 3337503 (E.D. La. Nov. 16, 2006) (noting, with regard to an unexhausted claim, that "it appears that petitioner would ... be barred from asserting such a claim in state court," relying upon La. Code Crim. P. art. 930.4(E)); Stevenson v. Cain, 2006 WL 2850167 (E.D. La., Oct. 4, 2006) (noting that, because the petitioner failed to present his claim in an initial application for state post-conviction relief, "he would now be barred from so arguing," relying on Article 930.4(E)); McDonald v. Cain, 2006 WL 2990071 (W.D. La., Sept. 8, 2006) (holding that "petitioner can no longer litigate [his unexhausted] claims in the Louisiana courts because any attempt to seek further post-conviction review would result in the dismissal of these claims pursuant to LSA C.Cr.P. art. 930.4"). Thus, the referenced claims may be considered to be technically exhausted in the state courts, notwithstanding that they were never properly presented therein, but are also considered to be procedurally defaulted because they would now be subject to dismissal as procedurally defaulted if asserted in the state courts.

As previously noted, a claim which is determined to be procedurally defaulted is not subject to federal habeas review unless the petitioner can demonstrate cause for the default and actual prejudice or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Jones v. Jones, supra. In the instant case, the petitioner has made no attempt to make the required showing. Accordingly, the referenced claims are subject to dismissal for this reason.

Finally, turning to the petitioner's final claim, which has arguably been presented before the state courts, he contends that the state trial court failed to rule on his pending motion to reconsider

his sentence in the state trial court, filed in June, 2009. He asserts that both the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court entered Orders directing the trial court to do so. Notwithstanding this contention, a federal habeas court grants relief only when a petitioner asserts "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a federal habeas court asks only whether a federal statutory or constitutional violation infected the trial. Pemberton v. Collins, 991 F.2d 1218 (5th Cir.), cert. denied, 510 U.S. 1025, 114 S.Ct. 637, 126 L.Ed.2d 596 (1993). See also, Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). An error in the application of state law does not provide grounds for habeas relief. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Further, a federal court will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. Creel v. Johnson, 162 F.3d 385 (5th Cir. 1998), cert. denied, 526 U.S. 1148, 119 S.Ct. 2027, 143 L.Ed.2d 1038 (1999); Cook v. Morrill, 783 F.2d 593 (5th Cir. 1986).

The failure of a state court to rule on a pending motion simply does not amount to a federal constitutional violation. Further, it appears that no prejudice resulted from the state court's failure to rule on the referenced motion. On direct appeal to the Louisiana Court of Appeal for the First Circuit in December, 2009, that court vacated the petitioner's sentence and remanded the matter to the trial court for re-sentencing. As a result, the petitioner's motion to reconsider the sentence, which had been filed prior to the appeal and which was then pending before the trial court, was effectively rendered moot by the appellate court's ruling. Accordingly, no constitutional error resulted from the failure to rule on the referenced motion, and this claim is subject to dismissal as a matter of law.[6]

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed,

---

[6] The petitioner does not raise as a contention any alleged failure by the trial court to rule on the Motion to Reconsider Sentence filed in April, 2010, nor was this claim ever apparently asserted before the Louisiana appellate courts.

in part as being procedurally defaulted and in part as being without merit, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 24, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**